## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURA CABRERA, Individually and as Mother and Next Friend of MARGARITA CABRERA, a minor, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. |
| UNITED STATES OF AMERICA, ERIE FAMILY HEALTH CENTER, INC., RAMON BARAJAS,M.D., DOROTHY DSCHIDA, M.D., CHARITY LEHN, M.D., NORWEGIAN AMERICAN HOSPITAL, INC., WOMEN'S HEALTH ASSOCIATES, LTD., MAX IZBICKI, D.O., CAROLINE WOLFF, M.D., LIZA VINLUAN, R.N., BEATA SEMASZCZUK, R.N., and MARY McCABE, R.N., | ) ) ) ) ) ) ) ) ) ) | Assigned Judge:  Honorable  Designated Magistrate Judge:  **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COME the Plaintiffs, MAURA CABRERA, Individually and as Mother and Next Friend of MARGARITA CABRERA, a minor, through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants, UNITED STATES OF AMERICA (hereinafter referred to as "UNITED STATES"), ERIE FAMILY HEALTH CENTER, INC. (hereinafter referred to as "ERIE"), RAMON BARAJAS, M.D. (hereinafter referred to as "BARAJAS"), DOROTHY DSCHIDA, M.D. (hereinafter referred to as "DSCHIDA"), CHARITY LEHN, M.D. (hereinafter referred to as "LEHN"), NORWEGIAN AMERICAN HOSPITAL, INC. (hereinafter referred to as "NORWEGIAN"), WOMEN'S HEALTH ASSOCIATES, LTD. (hereinafter referred to as "WOMEN'S HEALTH"), MAX IZBICKI, D.O. (hereinafter referred to as "IZBICKI"), CAROLINE WOLFF, M.D. (hereinafter referred to as "WOLFF"), LIZA VINLUAN, R.N. (hereinafter referred to as "VINLUAN"), BEATA SEMASZCZUK, R.N.

1

(hereinafter referred to as "SEMASZCZUK"), and MARY McCABE, R.N. (hereinafter referred to as "McCABE"), pleading hypothetically and in the alternative, state as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

2. Pursuant to 28 U.S.C. § 2675, on October 27, 2015 Plaintiffs presented an Administrative Claim for claims set forth below to the Department of Health and Human Services.

3. On April 8, 2016, the Department of Health and Human Services denied the claim within six months of presentation, and all conditions precedent to the filing of an action under the Federal Tort Claims Act have been met pursuant to 28 U.S.C. § 2675.

4. Venue is properly within this District under 28 U.S.C. § 1402(b), as the acts complained of occurred in the Northern District of Illinois.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' additional claims against non-federal party Defendants named herein as those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

6. Plaintiffs are residents of Cook County, Illinois.

7. The UNITED STATES and ERIE are proper Defendants under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 and 2674.

8. Defendants BARAJAS, DSCHIDA & LEHN are sued as employees of the UNITED STATES and ERIE, and in their individual capacities, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

9. Defendants BARAJAS, DSCHIDA & LEHN are also sued as agents and/or employees of NORWEGIAN and in their individual capacities, pursuant to federal supplemental jurisdiction under 28 U.S.C. § 1367.

10. Defendant IZBICKI is sued as an employee of WOMEN'S HEALTH and in his individual capacity, pursuant to federal supplemental jurisdiction under 28 U.S.C. § 1367(a).

11. Defendant IZBICKI is also sued as an agent and/or employee of NORWEGIAN, pursuant to federal supplemental jurisdiction under 28 U.S.C. § 1367.

12. Defendants WOLFF, LEHN, VINLUAN, SEMASZCZUK, and McCABE are sued as employees of NORWEGIAN and in their individual capacities, pursuant to federal supplemental jurisdiction under 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

13. That on October 29, 2013, and at all times pertinent hereto, Defendant ERIE was a family health clinic with its principal place of business in Chicago, Illinois, and was engaged in providing healthcare services in the City of Chicago, County of Cook, and State of Illinois.

14. That on the aforementioned date, Defendant ERIE had on its staff various physicians, nurses, and related health providers for the purposes of effectuating healthcare services.

15. That on October 29, 2013, and at all times pertinent hereto, Defendant NORWEGIAN was a hospital, with its principal place of business located at 1044 N. Francisco Avenue, in the City of Chicago, County of Cook, and State of Illinois, and was engaged in providing health services in the City of Chicago, County of Cook, and State of Illinois.

16. That on the aforementioned date, Defendant NORWEGIAN employed various physicians, nurses, and related healthcare providers for the purposes of effectuating healthcare services.

17. That on October 29, 2013, and at all times pertinent hereto, Defendant WOMEN'S HEALTH was a health clinic with its principal place of business in Chicago, Illinois, and was engaged in providing healthcare services in the City of Chicago, County of Cook, and State of Illinois.

18. That on the aforementioned date, Defendant WOMEN'S HEALTH had on its staff various physicians, nurses, and related health providers for the purposes of effectuating healthcare services.

19. That on October 29, 2013, and at all times pertinent hereto, Defendant BARAJAS was a physician duly licensed within the State of Illinois.

20. That at all times pertinent hereto, Defendant BARAJAS was an employee and/or agent of Defendant UNITED STATES.

21. That at all times pertinent hereto, Defendant BARAJAS was acting within the course and scope of his authority as an employee and/or agent of Defendant UNITED STATES.

22. That at all times pertinent hereto, Defendant BARAJAS was an employee and/or agent of Defendant ERIE.

23. That at all times pertinent hereto, Defendant BARAJAS was acting within the course and scope of his authority as an employee and/or agent of Defendant ERIE.

24. That at all times pertinent hereto, Defendant BARAJAS was an employee and/or agent of Defendant NORWEGIAN.

25. That at all times pertinent hereto, Defendant BARAJAS was acting within the course and scope of his authority as an employee and/or agent of Defendant NORWEGIAN.

26. That on October 29, 2013, and at all times pertinent hereto, Defendant DSCHIDA was a physician duly licensed within the State of Illinois.

27. That at all times pertinent hereto, Defendant DSCHIDA was an employee and/or agent of Defendant UNITED STATES.

28. That at all times pertinent hereto, Defendant DSCHIDA was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

29. That at all times pertinent hereto, Defendant DSCHIDA was an employee and/or agent of Defendant ERIE.

30. That at all times pertinent hereto, Defendant DSCHIDA was acting within the course and scope of her authority as an employee and/or agent of Defendant ERIE.

31. That at all times pertinent hereto, Defendant DSCHIDA was an employee and/or agent of Defendant NORWEGIAN.

32. That at all times pertinent hereto, Defendant DSCHIDA was acting within the course and scope of her authority as an employee and/or agent of Defendant NORWEGIAN.

33. That on October 29, 2013, and at all times pertinent hereto, Defendant LEHN was a physician duly licensed within the State of Illinois.

34. That at all times pertinent hereto, Defendant LEHN was an employee and/or agent of Defendant UNITED STATES.

35. That at all times pertinent hereto, Defendant LEHN was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

36. That at all times pertinent hereto, Defendant LEHN was an employee and/or agent of Defendant ERIE.

37. That at all times pertinent hereto, Defendant LEHN was acting within the course and scope of her authority as an employee and/or agent of Defendant ERIE.

38. That at all times pertinent hereto, Defendant LEHN was an employee and/or agent of Defendant NORWEGIAN.

39. That at all times pertinent hereto, Defendant LEHN was acting within the course and scope of her authority as an employee and/or agent of Defendant NORWEGIAN.

40. That on October 29, 2013, and at all times pertinent hereto, Defendant IZBICKI was a physician duly licensed within the State of Illinois.

41. That at all times pertinent hereto, Defendant IZBICKI was an employee and/or agent of Defendant WOMEN'S HEALTH.

42. That at all times pertinent hereto, Defendant IZBICKI was acting within the course and scope of his authority as an employee and/or agent of Defendant WOMEN'S HEALTH.

43. That at all times pertinent hereto, Defendant IZBICKI was an employee and/or agent of Defendant NORWEGIAN.

44. That at all times pertinent hereto, Defendant IZBICKI was acting within the course and scope of his authority as an employee and/or agent of Defendant NORWEGIAN.

45. That on October 29, 2013, and at all times pertinent hereto, Defendant WOLFF was a physician duly licensed within the State of Illinois.

46. That at all times pertinent hereto, Defendant WOLFF was an employee and/or agent of Defendant NORWEGIAN.

47. That at all times pertinent hereto, Defendant WOLFF was acting within the course and scope of her authority as an employee and/or agent of Defendant NORWEGIAN.

48. That on October 29, 2013, and at all times pertinent hereto, Defendant VINLUAN was a registered nurse duly licensed within the State of Illinois.

49. That at all times pertinent hereto, Defendant VINLUAN was an employee and/or agent of Defendant NORWEGIAN.

50. That at all times pertinent hereto, Defendant VINLUAN was acting within the course and scope of her authority as an employee and/or agent of Defendant NORWEGIAN.

51. That on October 29, 2013, and at all times pertinent hereto, Defendant SEMASZCZUK was a registered nurse duly licensed within the State of Illinois.

52. That at all times pertinent hereto, Defendant SEMASZCZUK was an employee and/or agent of Defendant NORWEGIAN.

53. That at all times pertinent hereto, Defendant SEMASZCZUK was acting within the course and scope of her authority as an employee and/or agent of Defendant NORWEGIAN.

54. That on October 29, 2013, and at all pertinent times hereto, Defendant McCABE was a registered nurse duly licensed within the State of Illinois.

55. That at all times pertinent hereto, Defendant McCABE was an employee and/or agent of Defendant NORWEGIAN.

56. That at all times pertinent hereto, Defendant McCABE was acting within the course and scope of her authority as an employee and/or agent of Defendant NORWEGIAN.

57. That in 2013, Plaintiff MAURA CABRERA was pregnant.

58. That Plaintiff MAURA CABRERA entered Defendant NORWEGIAN while pregnant on October 28, 2013 and remained a patient at NORWEGIAN on October 29, 2013.

59. That during the aforementioned hospitalization commencing on October 28, 2013 and continuing on October 29, 2013, Plaintiff MAURA CABRERA was examined and/or treated by Defendant BARAJAS.

60. That during the aforementioned hospitalization commencing on October 28, 2013 and continuing on October 29, 2013, Plaintiff MAURA CABRERA was examined and/or treated by Defendant DSCHIDA.

61. That during the aforementioned hospitalization commencing on October 28, 2013 and continuing on October 29, 2013, Plaintiff MAURA CABRERA was examined and/or treated by Defendant LEHN.

62. That during the aforementioned hospitalization commencing on October 28, 2013 and continuing on October 29, 2013, Plaintiff MAURA CABRERA was examined and/or treated by Defendant IZBICKI.

63. That during the aforementioned hospitalization commencing on October 28, 2013 and continuing on October 29, 2013, Plaintiff MAURA CABRERA was examined and/or treated by Defendant WOLFF.

64. That during the aforementioned hospitalization commencing on October 28, 2013 and continuing on October 29, 2013, Plaintiff MAURA CABRERA was examined and/or treated by Defendant VINLUAN.

65. That during the aforementioned hospitalization commencing on October 28, 2013 and continuing on October 29, 2013, Plaintiff MAURA CABRERA was examined and/or treated by Defendant SEMASZCZUK.

66. That during the aforementioned hospitalization commencing on October 28, 2013 and continuing on October 29, 2013, Plaintiff MAURA CABRERA was examined and/or treated by Defendant McCABE.

67. That after admission to NORWEGIAN on October 28, 2013, Plaintiff MAURA CABRERA remained in Defendant NORWEGIAN from the time of her admission up to and including the birth of her child, MARGARITA CABRERA, on October 29, 2013.

68. That Defendant BARAJAS provided labor management and delivery services for Plaintiffs MAURA CABRERA and MARGARITA CABRERA during the course of the aforesaid hospitalization.

69. That Defendant DSCHIDA provided labor management and delivery services for Plaintiffs MAURA CABRERA and MARGARITA CABRERA during the course of the aforesaid hospitalization.

70. That Defendant LEHN provided labor management and delivery services for Plaintiffs MAURA CABRERA and MARGARITA CABRERA during the course of the aforesaid hospitalization.

71. That Defendant IZBICKI provided labor management and delivery services for Plaintiffs MAURA CABRERA and MARGARITA CABRERA during the course of the aforesaid hospitalization.

72. That Defendant WOLFF provided labor management and delivery services for Plaintiffs MAURA CABRERA and MARGARITA CABRERA during the course of the aforesaid hospitalization.

73. That Defendant VINLUAN provided labor management and delivery services for Plaintiffs MAURA CABRERA and MARGARITA CABRERA during the course of the aforesaid hospitalization.

74. That Defendant SEMASZCZUK provided labor management and delivery services for Plaintiffs MAURA CABRERA and MARGARITA CABRERA during the course of the aforesaid hospitalization.

75. That Defendant McCABE provided labor management and delivery services for Plaintiffs MAURA CABRERA and MARGARITA CABRERA during the course of the aforesaid hospitalization.

76. That on October 29, 2013, Plaintiff MARGARITA CABRERA was injured.

77. That on October 29, 2013, Plaintiff MARGARITA CABRERA was delivered.

## **COUNT I**

NOW COMES the Plaintiff, MARGARITA CABRERA, a minor, by her parents and next friend, MAURA CABRERA, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants UNITED STATES, ERIE, BARAJAS, DSCHIDA, LEHN, NORWEGIAN, WOMEN'S HEALTH, IZBICKI, and WOLFF, pleading hypothetically and in the alternative, states as follows:

1-77. Plaintiff adopts and realleges paragraphs one (1) through seventy-seven (77) of this Complaint previously set forth herein as paragraphs one (1) through seventy-seven (77) of Count I of this Complaint, as though fully set forth herein.

78. On October 29, 2013, the Defendants, UNITED STATES, ERIE, BARAJAS, DSCHIDA, NORWEGIAN, WOMEN'S HEALTH, IZBICKI, WOLFF, and LEHN, were then and there guilty of one or more of the following acts and/or omissions:

   (a) improperly initiated Pitocin;

   (b) improperly raised the amount of Pitocin being administered to MAURA CABRERA;

10

       (c) improperly maintained MAURA CABRERA on Pitocin;

       (d) failed to properly chart how much Pitocin was being administered to MAURA CABRERA;

       (e) failed to timely deliver MAURA CABRERA's baby MARGARITA CABRERA by cesarean-section.

79.  That the aforesaid injury to Plaintiff MARGARITA CABRERA was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants, UNITED STATES, ERIE, BARAJAS, DSCHIDA, NORWEGIAN, WOMEN'S HEALTH, IZBICKI, WOLFF, and LEHN.

80.  That as a result of the injury, Plaintiff MARGARITA CABRERA has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

81.  That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey A. Schulkin, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

82.  That attached to this Complaint at Law, as **Exhibit B**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

      WHEREFORE Plaintiff, MARGARITA CABRERA, a minor, by her mother and next friend, MAURA CABRERA, prays for judgment against the Defendants, UNITED STATES, ERIE, BARAJAS, DSCHIDA, NORWEGIAN, WOMEN'S HEALTH, IZBICKI, WOLFF, and LEHN, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT II

NOW COMES the Plaintiff, MAURA CABRERA, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants, UNITED STATES, ERIE, BARAJAS, DSCHIDA, NORWEGIAN, WOMEN'S HEALTH, IZBICKI, WOLFF, and LEHN, pleading hypothetically and in the alternative, state as follows:

1-82. Plaintiffs adopt and reallege paragraphs one (1) through eighty-two (82) of Count I of this Complaint previously set forth herein as paragraphs one (1) through eighty-two (82) of Count II of this Complaint, as though fully set forth herein.

83. That at all times relevant to this action, MAURA CABRERA was the mother of MARGARITA CABRERA.

84. That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendants, and the resultant injuries suffered by MARGARITA CABRERA, MAURA CABRERA has become legally obligated for medical, hospital and related services and expenses.

85. That pursuant to the Family Expense Act, 750 ILCS 65/15, MAURA CABRERA is entitled to recover for the expenses and services associated with the care and treatment received by her daughter, MARGARITA CABRERA, as a result of her injuries.

WHEREFORE, Plaintiffs, MAURA CABRERA, prays for judgment against the Defendants, UNITED STATES, ERIE, BARAJAS, DSCHIDA, NORWEGIAN, IZBICKI, WOLFF, and LEHN, and for damages in such an amount as shall be just and proper compensation for expenses incurred, plus costs.

## COUNT III

NOW COMES the Plaintiff, MARGARITA CABRERA, a minor, by her mother and next friend, MAURA CABRERA, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants NORWEGIAN, VINLUAN, SEMASZCZUK, and McCABE, pleading hypothetically and in the alternative, states as follows:

1-77. Plaintiff adopts and realleges paragraphs one (1) through seventy-seven (77) of this Complaint previously set forth herein as paragraphs one (1) through seventy-seven (77) of Count III of this Complaint, as though fully set forth herein.

78. On October 29, 2013, the Defendants NORWEGIAN, VINLUAN, SEMASZCZUK, and McCABE, were then and there guilty of one or more of the following acts and/or omissions:

    (a) improperly initiated Pitocin;

    (b) improperly raised the amount of Pitocin being administered to MAURA CABRERA;

    (c) improperly maintained MAURA CABRERA on Pitocin;

    (d) failed to properly chart how much Pitocin was being administered to MAURA CABRERA;

    (e) failed to properly manage MAURA CABRERA's tachysystole;

    (f) failed to recommend timely delivery of MAURA CABRERA's baby MARGARITA CABRERA by cesarean-section; and

    (g) failed to go up the "chain-of-command" to make sure that a cesarean-section delivery was done in a timely manner, as was required by the standard of care for the safety of baby MARGARITA CABRERA.

79. That the aforesaid injury to Plaintiff MARGARITA CABRERA was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants NORWEGIAN, VINLUAN, SEMASZCZUK, and McCABE.

13

80.   That as a result of the injury, Plaintiff MARGARITA CABRERA has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

81.   That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey A. Schulkin, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

82.   That attached to this Complaint at Law, as **Exhibit B**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, MARGARITA CABRERA, a minor, by her parents and next friends, MAURA CABRERA, prays for judgment against the Defendants NORWEGIAN, VINLUAN, SEMASZCZUK, and McCABE, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs of this suit.

## COUNT IV

NOW COME the Plaintiff, MAURA CABRERA, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants NORWEGIAN, VINLUAN, SEMASZCZUK, and MCCABE, pleading hypothetically and in the alternative, state as follows:

1-82. Plaintiffs adopt and reallege paragraphs one (1) through eighty-two (72) of Count III of this Complaint previously set forth herein as paragraphs one (1) through eighty-two (82) of Count IV of this Complaint, as though fully set forth herein.

83. That at all times relevant to this action, MAURA CABRERA was the mother of MARGARITA CABRERA.

84. That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendants, and the resultant injuries suffered by MARGARITA CABRERA, MAURA CABRERA has become legally obligated for medical, hospital and related services and expenses.

85. That pursuant to the Family Expense Act, 750 ILCS 65/15, MAURA CABRERA is entitled to recover for the expenses and services associated with the care and treatment received by her daughter, MARGARITA CABRERA, as a result of her injuries.

WHEREFORE, Plaintiffs, MAURA CABRERA, prays for judgment against the Defendants NORWEGIAN, VINLUAN, SEMASZCZUK, and MCCABE, and for damages in such an amount as shall be just and proper compensation for expenses incurred, plus costs.

**JEFFREY M. GOLDBERG LAW OFFICES**

By:     /s/Jeffrey A. Schulkin

**JEFFREY M. GOLDBERG LAW OFFICES**
Attorneys for Plaintiffs
20 N. Clark Street
Suite 3100
Chicago, IL 60602
T:  (312) 236-4146
F:  (312) 236-5913
jschulkin@goldberglaw.com

15